(No. 87-CC-0750— )

KENSLEY HAWKINS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 16, 1994.*

*Order filed January 25, 1995.*

KENSLEY HAWKINS, *pro se*, for Claimant.

JIM RYAN, Attorney General (DIANN MARSELAK, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

Claimant was a former resident of the Joliet State Penitentiary. On the morning of March 24, 1985, he was on work assignment at the furniture factory located in the prison. He was assigned to the sewing machines which were used to sew fabric covers for the furniture. As he was attempting to plug the sewing machine, the plug and wall fixture shorted out. This resulted in a flame which caused first and second degree burns to his hand.

Mr. Hawkins was treated and released from the prison infirmary. At his own request, he was reinstated to his job in the furniture factory a few days later. However, he was not placed in a position that required the use of his injured hand.

The Claimant testified at the hearing of this case that he has experienced a loss of feeling in certain fingers of the hand since the incident. Dr. Tilden testified for the Respondent that the burn was relatively minor. It was

treated promptly. The treatment was effective, and no ill effects of the incident should remain.

In order to meet his burden of proof, Mr. Hawkins must show that the Respondent was negligent in allowing the accident to occur. Given the limited amount of information available to the Court, it is clear that Mr. Hawkins failed to meet this burden. In addition, Mr. Hawkins must prove that the accident was the cause of his present complaint. He also failed to meet this burden of proof.

Mr. Jack McSweeney was in charge of electrical maintenance for the prison. He gave testimony as to the probable cause of the short and resulting flame. The sewing machines in question used locking plugs. Most people tend to routinely remove plugs by pulling on the cords. With a locking plug, any pull on the cord can exert sufficient pressure to tear the wiring loose from the plug housing. Mr. McSweeney testified that the cord which caused Mr. Hawkins' injuries had been repaired. During the repairs, the hot and ground wires were reversed, which resulted in a high-voltage short.

No evidence was presented which showed any repair of the plug in question. It is interesting to note that the Claimant was in charge of the machine in question.

More importantly, Mr. Hawkins completely failed to show that he had permanent injuries or the cause of such injuries.

For the reasons stated, we hereby deny this claim.

## ORDER

PATCHETT, J.

In May 1994, this Court entered an opinion denying this claim. The Claimant, a resident of the Illinois

Department of Corrections, filed a subsequent motion asking for additional time. This Court entered an order allowing him 90 days from the effective date of the order to file any post-trial motions he wished to file. To date, none have been received.

Therefore, this claim is denied, pursuant to the earlier order.